UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>RAFAEL ANZALDUA-FELIX<br><br>　　　　　Defendant-Movant. | Case No. 4:11-cv-379-BLW<br>　　　　　4:06-cr-162-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Movant Rafael Anzaldua-Felix's ("Anzaldua-Felix")

Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1)

and Motion/Application for Enlargement of Time to File (Dkt. 6).  Having reviewed the

Motions and the underlying record in the criminal case, the Court enters the following

Order dismissing the § 2255 Motion and denying the Motion for Enlargement of Time.

## BACKGROUND

　　　　On July 31, 2007, Anzaldua-Felix was sentenced to 120 months of imprisonment

on a charge of distribution of methamphetamine.  *Judgment*, Dkt. 67 in criminal case.  He

did not appeal his conviction or sentence.  On August 15, 2011, Anzaldua-Felix filed the

**MEMORANDUM DECISION AND ORDER - 1**

pending § 2255 Motion alleging involuntary plea and various grounds of ineffective assistance of counsel at the plea and sentencing stages of the criminal proceeding. The § 2255 Motion was not filed until more than three years after the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1) expired on August 10, 2008. Therefore, on August 17, 2011, the Court entered an Order directing Anzaldua-Felix to show cause why his § 2255 Motion should not be dismissed as untimely. *Order*, Dkt. 3. Specifically, he was advised that his § 2255 Motion would be dismissed unless he presented to the Court evidence that he had diligently pursued his rights and extraordinary circumstances prevented timely filing. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace DeGuglielmo*, 544 U.S. 408, 418 (2005)).

On September 16, 2011, in response to the Order to Show Cause, Anzaldua-Felix filed the pending Motion for Enlargement of Time in which to File § 2255 Motion. He alleges that extraordinary circumstances preventing timely filing of the § 2255 Motion consisted of his repeated transfers in 2007 that left him with no time to prepare his motion, his limited comprehension of the English language and the law, and the unavailability of library and translation resources. He concludes that "the initial one year period immediately following his sentencing date . . . was essentially unavailable to him." *Mot. for Enlargement of Time* at 5, Dkt. 6.

## DISCUSSION

The Ninth Circuit has held that a combination of "(1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation

**MEMORANDUM DECISION AND ORDER - 2**

assistance before the one-year deadline, *could* constitute extraordinary circumstances." *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (emphasis added) (remanding for an evidentiary hearing to determine whether prisoner could establish his factual allegations).

      The Court has verified through consultation with the United States Probation Office for the District of Idaho that Anzaldua-Felix was indeed transferred several times during his first year of incarceration until he was transferred to his current institution of incarceration in August of 2008. Therefore, the Court will give him the benefit of the doubt and find that the alleged language difficulties coupled with repeated transfers constituted extraordinary circumstances during the year after his conviction became final. However, Anzaldua-Felix does not allege that he was diligently pursuing his rights to file a § 2255 motion during that time or any time after August of 2008, and he does not make any attempt to explain why it took an additional three years to file his § 2255 Motion. Accordingly, the Court will dismiss his § 2255 Motion as untimely and deny his Motion for Enlargement of Time.

## CERTIFICATE OF APPEALABILITY

      A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a

**MEMORANDUM DECISION AND ORDER - 3**

§ 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]  When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that Felix's § 2255 Motion was untimely and that he is not entitled to equitable tolling to be debatable. Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED:**

1. Rafael Anzaldua-Felix's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED** in its entirety.

2. No certificate of appealability shall issue. Anzaldua-Felix is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and

---

[1] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**MEMORANDUM DECISION AND ORDER - 4**

Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. If Anzaldua-Felix files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **January 10, 2013**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**